FILED
SUPERIOR COURT
OF GUAM

2019 JAN 10 PM 1: 34

CLERK OF COURT
By:_____ ⓐ

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, <br><br> Plaintiff, <br><br> vs. <br><br> JOSEPH ROBERT CUMMINGS, <br><br> Defendant. | Superior Court Case No. <u>CF0394-17</u> <br><br><br> **DECISION AND ORDER** <br> re <br> **PEOPLE'S MOTION TO ADMIT** <br> **EVIDENCE OF PRIOR BAD ACTS** |

In the upcoming trial of Defendant Joseph Robert Cummings for Assault of a Peace Officer and other charges, the People seek to admit evidence of Cummings's prior conviction for Assault. Having considered the parties' arguments, Guam Rule of Evidence 404(b), and applicable laws, the Court finds that such evidence is proper and admissible and therefore GRANTS the People's Motion to Admit Evidence of Prior Bad Acts.

### I.   PROCEDURAL BACKGROUND

Cummings faces charges of Assaulting a Peace Officer, Assault, and Resisting Arrest. According to the People, on or about July 8, 2017, after Cummings allegedly committed an assault, police arrived and notified Cummings that he was being placed under arrest. *See* Mot. at 2 (July 19, 2018). Once confronted, Cummings resisted arrest "by forcing his hands apart and turning his body," "kicked wildly at police…[and] attempted to headbutt Officer L.J. Osborn's face." *Id.*

ORIGINAL

Almost two months before this altercation, on May 12, 2017, Cummings pled guilty to Assault (as a Misdemeanor), as a lesser included offense of Assault on a Peace Officer (as a 3rd Degree Felony). *See People v. Cummings*, CF0660-16 (Plea Agreement, May 15, 2017). According to the People, in CF0660-16, "Defendant also cursed at officers, [took] the same aggressive stance while clenching his fists, and while in custody had spit in an officer's face." Mot. at 2. The assault itself occurred on or about November 12, 2016. *See People v. Cummings*, CF0660-16 (Magistrate's Compl., Decl., July 10, 2017).

## II.    LAW AND DISCUSSION

The People seek to admit evidence of the circumstances underlying the assault charged in CF0660-16 to show Cummings's intent and absence of mistake in this case. Guam Rule of Evidence 404(b) governs the admission of prior crimes and bad acts and states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

An analysis of Rule 404(b) evidence proceeds under a four-part test by which the People must establish "that the evidence (1) proves a material element of the crime currently charged; (2) is similar to the charged conduct; (3) is based on sufficient evidence; and (4) is not too remote in time." *People v. Camaddu*, 2015 Guam 2 ¶¶ 12, 47 (quoting *People v. Palisoc*, 2002 Guam 9 ¶ 8). Lastly, if the People satisfy their burden on all four factors, then the trial court determine "whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." 2015 Guam 2 ¶ 47 (quoting *Palisoc*, 2002 Guam 9 ¶ 8); *see also* GRE 403.

### A. Material Element of Crime Charged: Intent or Absence of Mistake


ORIGINAL

The People may prove intent or absence of mistake by introducing evidence of a prior crime or bad act. *See Palisoc*, 2002 Guam 9 ¶ 12. In *Palisoc,* the prosecution alleged that the defendant committed theft, which requires proof of intentional conduct. *Id.* ¶ 13. The Court ruled that the evidence that Palisoc committed a prior auto theft helped to show that he committed the instant thefts with the requisite intent. *Id.* Key to this analysis was the fact that Palisoc committed the prior act and instant act with the same intent. *Id.*

The People contend that Cummings' prior bad act of assaulting an officer tends to prove his intent to assault a peace officer in this case. The mens rea for both assaults is recklessness. Cummings' plea agreement in CF 0660-16 concedes that "he did recklessly cause or attempt to cause bodily injury to another." *People v. Cummings*, CF0660-16 (Plea Agreement). Recklessness, a material element of assault on a peace officer, is defined as follows:

> A person acts recklessly, or is reckless, with respect to attendant circumstances or the result of his conduct when he acts in awareness of a substantial risk that the circumstances exist or that his conduct will cause the result and his disregard is unjustifiable and constitutes a gross deviation from the standard of care that a reasonable person would exercise in the situation.

9 GCA § 4.30(a). The mens rea of recklessness implicates that the person must consciously disregard a substantial and unjustifiable risk and that the person measures this risk by circumstances of which he is aware. Allowing the People to present evidence that Cummings knew his conduct would create a risk that he subsequently disregarded because he has previous experience with a police officer under similar circumstances does tend to show that he acted recklessly in this case.

Alternatively, the People offer that the proposed evidence demonstrates an absence of mistake, *i.e.,* that Cummings "knew or should have known" that the police were performing their


ORIGINAL

duties. Reply at 4. If the People can demonstrate that Cummings had this knowledge, then his potential claim of self-defense would be meritless. Under 9 GCA § 7.86, the use of force in self-defense is not justifiable "[t]o resist an arrest which the defendant knows is being made by a peace officer in the performance of his duties." Cummings' prior charge of assault involved a police officer and reflects that he has experience with being arrested and knows what to expect from officers performing their official duties. As such, the Court finds that Cummings's prior charge could show that he knew the person he was assaulting was an officer.

## B. Similarity

The main similarity between CF0660-16 and the matter at hand is that both involve assaults against police officers. In CF0660-16, Cummings was described as aggressive and as standing in a fighting stance while yelling profanities at the arresting officers, until finally spitting in an officer's face once he reached the Agat precinct. *See People v. Cummings*, CF0660-16 (Magistrate's Compl., Decl., Nov. 12, 2016). In this case, Cummings is alleged to have stood in a similarly aggressive stance and forcing his hands apart and turning his body while being arrested. Magistrate's Compl. Decl. Once he arrived at the precinct restrained, he allegedly attempted to headbutt Officer Osborn's face and kicked wildly at police. *Id.* Considering Cummings is charged with assaulting police officers in both cases and allegedly adopted similar aggressive stances, the Court finds the evidence in CF0660-16 to be sufficiently similar to the conduct in this case.

## C. Sufficiency

ORIGINAL

The People need only show that a jury could reasonably conclude that the prior act occurred and that the defendant committed the act. *Palisoc*, 2002 Guam 9 ¶ 25. The Judgment in CF0660-16 provides sufficient evidence that Cummings committed a prior bad act.

### D. Proximity

To establish proximity, the Court must look at the time gap between the prior crime and the present act. *Id.* ¶ 4. In this analysis, courts have "routinely declined to adopt a rigid rule that would act to freeze dates on a timeline for purposes of admissibility." *Id.* ¶ 27 (referring to *U.S. v. Hadley*, 918 F.2d 848, 851 (9th Cir. 1990)). Moreover, the analysis must be flexible. *U.S. v. Beasley*, 809 F.2d 1273, 1277 (7th Cir. 1987) (finding that "[q]uestions about 'how long is too long' do not have uniform answers.").

Less than a year separates the two events. The assault in CF0660-17 occurred in November 2016, and the assault in this case allegedly occurred in July 2017. The Court finds that this proximity in time is not too remote. *See U.S. v. Hinton*, 31 F.3d 817, 823 (9th Cir. 1994) (holding that two years is not too remote in time).

### E. GRE 403 Balancing

Concluding that evidence of the prior assault falls within the scope of GRE 404(b) evidence, the Court must balance the probative value of the prior bad act against its prejudicial effect. *Palisoc*, 2002 Guam 9 ¶ 28. "Under [GRE] 403, even relevant evidence may be excluded if 'its probative value is substantially outweighed by the danger of unfair prejudice.'" *Id.* (quoting GRE 403). Generally, "most evidence presented by the People in a criminal case is prejudicial to a defendant," but what matters is the danger of *unfair* prejudice. *People v. Quintanilla*, 2001 Guam 12 ¶ 17. "Evidence is only unfairly prejudicial to the extent that it will

ORIGINAL

cause the jury to decide the case on improper grounds." *U.S. v. Khan*, 771 F.3d 367, 377 (7th Cir. 2014). Improper grounds include finding a defendant to have a propensity towards acting a certain way or attempting to punish a defendant for past actions. *See* GRE 404(b).

The Supreme Court of Guam has held Rule 404(b) evidence admissible in cases where the past conduct was nearly identical to the conduct charged, as well as where it was clearly similar to the conduct charged. *See Quintanilla*, 2001 Guam 12 ¶ 18-19. "While the 404(b) evidence [in these cases] was obviously prejudicial, it was not unfairly so, in light of the trial court's giving the jury the limiting instruction for the use of such evidence." *People v. Evaristo*, 1999 Guam 22 ¶ 17. Here, the Court finds that the similarity between Cummings' prior act and his current charges are probative in demonstrating Cummings' intent in this case, outweighing any inevitable prejudice. Additionally, the prior assault helps demonstrate that Cummings knew he was being arrested by a police officer, preventing his use of self-defense as a defense. Keeping in mind the possible prejudice Cummings may face with the introduction of his prior act to the jury, the Court shall issue a limiting instruction both when the evidence is first offered to the jury, and during closing jury instructions in order to emphasize that Cummings' prior bad act should not be interpreted as demonstrative of a character trait or as a propensity towards assault.

## III.    CONCLUSION

Since the admission of Cummings' prior assault in CF00660-16 has high probative value in this matter, which outweighs any prejudicial effect, the People's Motion to Admit Evidence of Prior Bad Acts is GRANTED.

ORIGINAL

SO ORDERED this 10th day of January 2019.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:
AG; PDSC

Date: 1/10/19   Time: _____
@
Superior Court of Guam

ORIGINAL